
Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5306 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Lockheart vs. Pierce | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  The petitioner's petition for a writ of habeas corpus is denied. Judgment is therefore entered in favor of respondent and against the petitioner. All pending motions in this case, including 18-1, 18-2, 18-3, 19-1 and 30-1, are denied as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 26 2004 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | 8/25/2004 | |
| | Copy to judge/magistrate judge. | 2004 AUG 25 PM 4:55 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. JAMES T. LOCKHEART, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 03 C 5306 |
| GUY PIERCE, | ) ) |
| Respondent. | ) ) |

DOCKETED
AUG 2 6 2004

**MEMORANDUM OPINION AND ORDER**

Acting as his own attorney, petitioner James T. Lockheart was convicted of attempted aggravated criminal sexual assault in the circuit court of Illinois and sentenced as a Class X offender to 30 years' imprisonment. On direct appeal, the first district appellate court reversed Mr. Lockheart's conviction and sentence and remanded for a new trial because the circuit court's denial of Mr. Lockheart's challenge to remove a venireperson for cause was against the manifest weight of the evidence. The retrial resulted in a hung jury, which was declared a mistrial. Mr. Lockheart again represented himself at his third trial and was convicted of attempted aggravated criminal sexual assault. Following a hearing, the circuit court denied Mr. Lockheart's *pro se* motion for a new trial and petition for post-conviction relief, and thereafter sentenced Mr. Lockheart to 30 years for his crime and six months for contempt of court.

Mr. Lockheart appealed to the Illinois Appellate Court. First, appointed counsel filed a brief on Mr. Lockheart's behalf. Mr. Lockheart then filed successful motions to dismiss appointed counsel and to consolidate his direct and post-conviction appeals. His *pro se* brief alleged fourteen circuit court errors. On December 27, 2001, the appellate court affirmed the dismissal of Mr. Lockheart's post-conviction petition and later denied rehearing of that claim. Mr. Lockheart filed a petition for leave to appeal to the Illinois Supreme Cout, asserting that the appellate court erred in refusing his direct appeal and in affirming the dismissal of his post-conviction petition. The court denied Mr. Lockheart's petition for leave to appeal, but issued a supervisory order directing the appellate court to vacate its previous order and to address the direct appeal. On August 8, 2002, the appellate court issued another order, noting that it was Mr. Lockheart who had moved to consolidate his claims, and that every issue raised in the appeal was addressed in the earlier opinion. Nevertheless, the appellate court separated and addressed each of Mr. Lockheart's arguments, affirmed his conviction and sentence, and affirmed the dismissal of his post-conviction petition. Mr. Lockheart filed a petition for leave to appeal the August 8 order to the Illinois Supreme Court, which was denied. On July 24, 2003, he filed the present petition for a writ of habeas corpus, presenting fifteen separate grounds for relief.

I am permitted to grant relief on a habeas petition only if the prisoner can show that the state court's decision on the merits of a constitutional claim is either "contrary to" or an "unreasonable application of" federal law. 28 U.S.C. § 2554; *Williams v. Taylor*, 529 U.S. 362, 376 (2000). Further, a petitioner may seek federal habeas review only if he has exhausted all available state court remedies and fully and fairly presented his constitutional claims to the state's courts. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

Mr. Lockheart's first argument is that he was denied his constitutional rights to equal protection and due process by the fourth district appellate court's unreasonable application of the law, its failure to review the issues Mr. Lockheart presented, and the fact that Judge Themis N. Karnezis, who presided over his trial, was elevated to the appellate court between the third trial and the most recent appeal. That court's August 8 order exhaustively deals with each claim raised in Mr. Lockheart's appeal. Judge Karnezis' elevation to the appellate court has no bearing on this case, as the case was decided by a panel of three other judges. The petition is denied as to Ground One.

In Grounds Two and Three, Mr. Lockheart argues that the trial court's denial of his motion to dismiss because of the state's failure to preserve evidence violated his rights to due process and equal protection and was an unreasonable application of the law. It

3

is undisputed that the state inadvertently destroyed a set of keys taken by the victim from the assailant, as well as two screwdrivers. Unless a defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not automatically constitute a denial of due process. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). The impact of omitted evidence must be evaluated in the context of the entire record; constitutionally significant error occurs if the missing evidence possesses an exculpatory value that was apparent before its destruction and is of such a nature that a defendant would be unable to obtain comparable evidence by other means. *California v. Trombetta*, 467 U.S. 479, 489 (1984). Here, Mr. Lockheart has no evidence that the evidence was destroyed in bad faith, and he is unable to frame a convincing argument that access to this evidence would have enabled him to establish reasonable doubt as to his guilt. The petition is denied as to Grounds Two and Three.

In Ground Four, Mr. Lockheart asserts that he was denied his right to due process when the trial court unreasonably denied his *Brady* motion and request for a hearing on that motion. The text of this section of the brief, however, addresses a variety of issues, some of which fall under the auspices of *Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutorial suppression of material evidence), and others under *Giglio v. United States*, 405 U.S. 150 (1972) (prosecutorial suppression of issues affecting the credibility of

4

witnesses). Mr. Lockheart sought to introduce exculpatory evidence as to the victim's need for eyeglasses, her prior rape complaints against African-American men, and further asserts that he was denied access to contact information for potential defense witnesses. These claims are defaulted because state courts were not given a full and fair opportunity to decide them. While Mr. Lockheart does cite to *Brady* in his opening appellate brief, the sections he points me to focus on the destroyed physical evidence, not on the victim's need for eyeglasses or the other issues raised in Ground Four. The petition is denied as to Ground Four.

In Ground Five, Mr. Lockheart argues that his rights were violated when the state committed fraud and prosecutorial misconduct when cross-examining the keeper of records of the Cook County Jail. This section of the brief also alleged that the court unreasonably applied the law in denying his motion for a mistrial and motion for a directed verdict. In Ground Six, he argues that his rights were again violated when the state appellate court failed to address this topic. The appellate court found that the complained-of cross-examination did not prejudice the defendant, and Mr. Lockheart does not show that this decision is "contrary to" or an "unreasonable application of" any federal law. The petition is denied as to Grounds Five and Six.

In Ground Seven, Mr. Lockheart complains that the trial judge improperly expressed his opinion, invading the province and

function of the jury. Specifically, he argues that the judge told the jury that race was not an issue in the case. Contrary to the government's brief, Mr. Lockheart did make these allegations in his state appellate briefs, and the Illinois courts addressed them. Unfortunately, I cannot reach the question of whether such comments by the judge prejudiced Mr. Lockheart to the extent that he was denied his constitutional right to a fair trial. The appellate court found that this argument was waived on state procedural grounds, as Mr. Lockheart failed to object to the language at trial. This waiver is an independent and adequate state ground for denial of the claim, *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977), and the petition is denied as to Ground Seven.

In Ground Eight, Mr. Lockheart argues that his constitutional rights were violated when he was cited for contempt of court during his cross-examination of the officer who arrested him. Once again, the government incorrectly states that Mr. Lockheart failed to present this claim to the Illinois Supreme Court; he did so. In order to determine whether such a contempt ruling is a constitutional violation, I must evaluate the ruling within its context. *Pounders v. Watson*, 521 U.S. 982 (1997). Having reviewed the trial transcript, it is clear that Mr. Lockheart ignored the clear instruction of the presiding judge that his line of questioning was improper. It is also clear that the judge took great pains to discuss Mr. Lockheart's contempt outside the hearing

of the jury, repeatedly ordering that they be removed from the courtroom. As Mr. Lockheart had a full opportunity to cross-examine the witness within the bounds established by the trial judge, the contempt ruling caused him no constitutional injury. The petition is denied as to Ground Eight.

In Ground Nine, Mr. Lockheart asserts that his constitutional rights were violated by an unreasonably biased trial judge, by Deputy Sheriff Boyle, by jury tampering, and by an illegal verdict. The text of the brief addresses only the issue of the judge's bias. As these arguments were not presented to the Illinois Supreme Court, they are waived. The petition is denied as to Ground Nine.

In Ground Ten, Mr. Lockheart argues that his rights were violated by the trial court's denial of a motion for standby counsel for the limited purpose of facilitating subpoenas. Once again, Mr. Lockheart did not present the Illinois courts with a full and fair opportunity to evaluate this claim, and it is waived. The petition is denied as to Ground Ten.

In Ground Eleven, Mr. Lockheart claims that his conviction was based on perjured testimony. Mr. Lockheart preserved this claim, but it fails on the merits. While a conviction must be set aside if it is obtained through the knowing use of perjured testimony, Mr. Lockheart cannot show that such perjury tainted the verdict against him. *United States v. Bagley*, 473 U.S. 667, 680 (1985). The testimonial inconsistencies he points to are relevant to the

credibility of the witnesses and the weight properly given to their recollections, but do not establish that the state knowingly relied on perjured testimony. The petition is denied as to Ground Eleven.

In Ground Twelve, Mr. Lockheart argues that his conviction was obtained in violation of *Batson v. Kentucky*, 476 U.S. 79, 96 (1986), which bars the exclusion of venirepersons from juries on the basis of race. In order to establish a *prima facie* case of discrimination, a defendant must show that: (1) he or she was a member of a cognizable racial group; (2) the prosecutor exercised sufficient peremptory challenges to remove members of the defendant's race from the venire; and (3) sufficient facts and circumstances existed to raise an inference that the prosecution used the peremptory challenges to exclude venire members on the basis of race. *Id.* at 96-07. Upon making a *prima facie* case, the burden shifts to the state to provide a race-neutral reason for the exclusion, which shifts the burden back to the defendant, who must show that the state's reason was pretextual. *Id.* at 97-98. At the voir dire preceding Mr. Lockheart's third trial, the prosecutor used his first two peremptory challenges on African-American female venirepersons. Mr. Lockheart demanded an explanation after the first challenge, but the judge held that he had not made a *prima facie* case. After the second challenge, Mr. Lockheart again requested an explanation, and the court directed the prosecutor to answer. The court allowed the prosecutor's explanation that he

8

challenged the potential juror because she had children the same age as Mr. Lockheart and the victim. Thereafter, the prosecutor attempted to challenge a third African-American woman, but the court disallowed the challenge. The only evidence Mr. Lockheart offers to show that the government's race-neutral explanation was pretextual is the additional attempt to strike an African-American venireperson. This one circumstance is not enough to sustain the burden of showing that the prosecutor was illegally striking prospective jurors based on race. The petition is denied as to Ground Twelve.

In Ground Thirteen, Mr. Lockheart alleges that his right to a fair trial was violated by the trial court's decision to change a model jury instruction and its denial of three defense motions regarding jury instructions. This claim was not raised before the Illinois Supreme Court; it is waived. The petition is denied as to Ground Thirteen.

In Ground Fourteen, Mr. Lockheart alleges that the mandatory Class X sentencing provisions of 730 ILL. COMP. STAT. 5/5-5-3(c)(8) are unconstitutional because they subject the defendant to increased punishment in the absence of a jury finding upon proof beyond a reasonable doubt that the qualifying factors are present. That statute holds that a defendant over the age of 21 convicted of three separate felonies of Class 2 or greater shall be sentenced as a Class X offender. This provision produced a dramatic increase in

Mr. Lockheart's sentence; the crime of attempted aggravated criminal sexual assault carries a penalty of four to fifteen years, but because of his Class X status, Mr. Lockheart was sentenced to 30 years. *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holds that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Mr. Lockheart argues that the exclusion of prior convictions from the *Apprendi* rule is unconstitutionally arbitrary. The exception is clear and the case is binding; three-strikes statutes such as this one are constitutional. The petition is denied as to Ground Fourteen.

In Ground Fifteen, Mr. Lockheart argues that the sum total of the previously stated errors requires reversal of his conviction. As all his arguments are meritless individually, combining them does not entitle Mr. Lockheart to relief. The petition is denied as to Ground Fifteen.

**ENTER ORDER:**

*Elaine L. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: August 25, 2004